## 35980. DEPARTMENT OF GEORGIA, VETERANS OF FOREIGN WARS, INC. v. QUITMAN LIONS CLUB, INC. AND KIWANIS CLUB OF QUITMAN AND BROOKS COUNTY, INC.

JORDAN, Justice.

This is an appeal from the overruling of the appellant's motion for a new trial in a case involving title to real estate.

Appellant brought this action against the defendants alleging that in 1947 J. E. Young, Jr., deeded to the Harry Oesterricher Post No. 5032, Veterans of Foreign Wars, a tract of land located in Brooks County, Georgia, upon which property the VFW constructed a building for the use of the members of the Post;[1] that on December 20, 1963, a deed was executed by certain named individuals purporting to be trustees of VFW Post No. 5032 conveying the subject property to the defendants; that the constitution and by-laws of the plaintiff provide that all property of a Post shall go over in title to plaintiff in the event the Post becomes inactive or defunct; and that the trustees executing the deed to the defendants were without authority to convey the property, as the title had already passed to plaintiff.

---

[1] The 1947 deed contained a reverter clause which was eliminated by a 1950 deed between the same parties.

Defendants answered, contending the deed from the trustees of VFW Post No. 5032 was a valid conveyance and vested good title in the Lions Club and the Kiwanis Club; and further contending that the defendants had been in continuous possession of the property under color of title for a period in excess of seven years, giving them good and sufficient title to said property.

The case was tried upon the issues made and the jury rendered a verdict for the defendants. Plaintiff appealed the overruling of its motion for a new trial to this court. We affirm.

1. Appellant complains that the trial court erred in not allowing its witness to testify as to what the constitution and by-laws of the plaintiff contains and in failing to take judicial notice of a section of the United States Code which contained its constitution and by-laws. As pointed out by the appellees, the record shows that plaintiff withdrew the question as to the witness and also the request to take judicial notice. As a result the trial court never ruled on same and the constitution and by-laws were never introduced into evidence.

2. Appellant contends that the trial court abused its discretion in overruling the motion for new trial since the evidence shows that the consideration for the deed to defendants was not adequate. The deed recites the consideration to be "Ten dollars and other good and valuable consideration." Testimony was to the effect that the building was to be "utilized as a community project," specifically a youth center, in addition to the actual cash amount paid. We find no merit in this contention.

3. Appellant contends that the trial court erred in allowing a witness for appellees to testify as to expenditures made by defendants to improve the property upon objection based on the best evidence rule. The record shows that the witness only testified as to whether certain improvements were made to the property, a matter to which he could testify if within his knowledge.

The evidence is sufficient to support the jury verdict and the judgment of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*

Submitted February 22, 1980 — Decided March 18, 1980.

*James W. Lovett, Robert L. Cork,* for appellant.
*C. Gerald Spencer,* for appellees.